JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-05270-SB (SHKx) | Date: | 7/27/2021 |
|---|---|---|---|

Title: *Camran Shafighi v. David Dadon, et al.*

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO REMAND [DKT. NO. 8] AND DENYING DEFENDANT'S REQUEST FOR CONTINUANCE [DKT. NO. 11]

Before the Court is the ex parte application to remand filed by Plaintiff Camran Shafighi. (Appl., Dkt. No. 8.) Defendant David Dadon has not filed an opposition to the application but has filed a request "that the Court keep[] this matter with the Federal Court" and grant him a 90-day continuance of the upcoming mandatory scheduling conference based on the fact that he is still dealing with residual effects of COVID-19 after he contracted the virus and was hospitalized for a month. (Request, Dkt. No. 11.) The Court **GRANTS** Plaintiff's application and **DENIES** Defendant's request.

I.

On April 10, 2020, Plaintiff filed this unlawful detainer action against Defendant in Los Angeles Superior Court. (Request for Judicial Notice (RJN), Dkt. No. 9, Ex. A (Complaint).) On June 17, 2021, Defendant filed his first notice

of removal and the case was assigned to the Honorable George H. Wu, Case No. 2:21-cv-04930-GW (RAOx).  (RJN, Ex. B.)  On June 28, 2021, Judge Wu *sua sponte* remanded the action to Los Angeles County Superior Court.  (RJN, Ex. C (Order).)  On June 29, 2021, Defendant filed his second notice of removal.  (Not. of Removal, Dkt. No. 1.)

## II.

Removal jurisdiction is based entirely on federal statutory authority.  *See* 28 U.S.C. §§ 1441–55.  A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint."  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).  It is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

## III.

Plaintiff argues that there is no substantive difference in Defendant's notice of removal from his previous attempt and that the Court still lacks subject matter jurisdiction.  (Appl. at 4.)  Here, as previously explained by Judge Wu, there is no federal question apparent from the face of the Complaint, which brings a single claim for unlawful detainer.  (*See* Order at 3; *see also* Complaint.)  It is well established that a single claim for unlawful detainer is insufficient to invoke federal jurisdiction.  *See Wachovia Mortg., FSB v. Rabb*, No. 2:15-cv-03903-ODW (AS), 2015 WL 3454558, at *1 (C.D. Cal. May 29, 2015) (collecting cases).

In his notice of removal, Defendant asserts that a federal question exists because the action arises under 42 U.S.C. § 1981.  (Not. of Removal at 2.)  But as explained in the previous remand order by Judge Wu, "[i]t is well settled that a 'case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'"  (Order at 3 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).)  Stated differently, even if Defendant argues his defense raises a federal question, that does not provide the Court with subject matter jurisdiction.

IV.

If the court determines that it lacks subject matter jurisdiction in which a defendant has improperly removed the case, the federal court must remand the case to state court. 28 U.S.C. § 1447(c); Fed. R. Civ. P 12(h)(3).  Accordingly, because no federal question exists, the Court **GRANTS** Plaintiff's application and **DENIES** Defendant's request.  The Court **REMANDS** the case to Los Angeles County Superior Court, Case No. 20VEUD00746.

**IT IS SO ORDERED**.